UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CAROLYN JEWELL**

    **Plaintiff,**

v.                                                                                                                    **Case No: 5:23-cv-663-BJD-PRL**

**THE DAVEY TREE EXPERT
COMPANY, et al.,**

    **Defendants.**

## ORDER

This negligence action arises out of an automobile accident in which Defendant Llomar Andres Perez Escalera, who was operating a motor vehicle owned and maintained by Defendant The Davey Tree Expert ("Davey Tree"), was involved in a collision with a motor vehicle operated by Plaintiff Carolyn Jewell. On May 8, 2024, Plaintiff served Defendant Davey Tree with a request for inspection concerning the subject motor vehicle, which is in the possession of Davey Tree. On June 17, 2024, Plaintiff filed the instant motion to compel asserting that, despite diligent efforts, Davey Tree had failed to provide any dates for the inspection to occur. (Doc. 43). Plaintiff requests that the Court compel Davey Tree to provide dates for the vehicle inspection to occur before August 1, 2024, and to extend Plaintiff's deadline to provide the expert report of her retained accident reconstructionist to September 1, 2024.

In response, Davey Tree argues that Plaintiff failed to properly confer before filing the instant motion and failed to acknowledge Davey Tree's "consistent attempts" to schedule the vehicle inspection. (Doc. 44). Davey Tree notes that the parties have now agreed on a date

for the requested inspection—July 17, 2023. (Doc. 44-1 at 1). Defense counsel also contends that granting Plaintiff's requested extension of the expert deadline will necessitate moving other case deadlines and requests that the Court set a case management conference to select new dates.

While the attached email correspondence confirms that counsel for Davey Tree responded to emails from Plaintiff's counsel about scheduling the vehicle inspection, the record shows that it took almost five weeks for Davey Tree to provide any available dates for the inspection, and not until after the instant motion was filed.[1] This significant delay by defense counsel in scheduling the vehicle inspection demonstrates a lack of courtesy and cooperation that is expected in this Court. With that said, it appears that Plaintiff's counsel failed to confer with defense counsel in a good faith effort to resolve the matter as required by Local Rule 3.01(g). Going forward, the Court expects counsel to engage in discovery with "a spirit of cooperation and civility" and to comply with Local Rule 3.01(g). Middle District Civil Discovery Handbook §1A (1) and (2).

---

[1] According to the attached emails (Doc. 44-1), Plaintiff's counsel first reached out about scheduling the inspection on May 9, 2024. On May 13, 2024, counsel for Davey Tree advised that the vehicle is being stored in Webster and requested dates for the proposed inspection. On May 15, 2024, Plaintiff's counsel proposed June 10, 11 or 12. On May 20, 2024, Plaintiff's counsel followed up about getting the inspection scheduled. That same day defense counsel responded and advised, "[w]e are currently checking with our experts as to their availability, as soon as we have answers we will be back in touch." On May 23, 2024, Plaintiff's counsel followed up again and was advised that defense counsel was "still working on it." On May 30, 2024, Plaintiff's counsel followed up again on getting the inspection scheduled June 10, 11, or 12. That same day, defense counsel advised that the June dates likely will not work, that they were working on dates, and would be in touch. On June 5, 2024, Plaintiff's counsel followed up, and then sent another email after getting no response, on June 10, 2024. On June 11, 2024, defense counsel advised that they were working to obtain dates from their expert. Plaintiff filed the instant motion on June 17, 2024. The next day, on June 18, 2024, defense counsel finally provided two potential dates—June 27 or July 2. By June 27, 2024, the parties had confirmed July 17, 2024, for the inspection.

Accordingly, Plaintiff's motion (Doc. 43) is **GRANTED** to the extent that Plaintiff's deadline to provide the expert report of Plaintiff's retained accident reconstructionist is extended until **August 30, 2024**.[2] To the extent Defendants believe this extension requires additional adjustments to the Case Management and Scheduling Order (Doc. 30), they shall confer with Plaintiff, and file an appropriate motion with the Court.[3]

**DONE** and **ORDERED** in Ocala, Florida on July 15, 2024.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] Plaintiff requested an extension through September 1, 2024, which is a Sunday and Monday, September 2, 2024, is a federal holiday, so the Court set the deadline for the preceding Friday.

[3] It is not readily apparent to the Court that the instant extension will impact other dates. Pursuant to the Case Management and Scheduling Order (Doc. 30), Defendants' expert disclosures are due October 1, 2024, and discovery cuts off January 6, 2025.